UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

- against -

LONGFIN CORP., and
VENKATA S. MEENAVALLI,

Defendants.

Case No. 19-cv-5296 (DLC)

**Answer of Defendant Venkata S. Meenavalli**

Defendant Venkata S. Meenavalli, by and through his undersigned attorneys, answers the separately numbered paragraphs in the Complaint as follows:

1. Denies the allegations set forth in Paragraphs 1-3 of the Complaint.

2. Denies the allegations set forth in Paragraph 4 of the Complaint except admits that Longfin announced its acquisition of Ziddu.com from Meridian Enterprises Pte. Ltd. on December 15, 2017; that Mr. Meenavalli owns at least 92% of Meridian Enterprises Pte. Ltd.; and that on December 18, 2017, Longfin's stock price traded at a high of $142.82 per share.

3. Denies the allegations set forth in Paragraphs 5-8 of the Complaint.

4. Paragraphs 9 and 10 of the Complaint set forth conclusions of law for which no response is required. Defendant Meenavalli reserves all rights to contest jurisdiction and venue.

5. Denies the allegations set forth in Paragraph 11 of the Complaint.

6. Admits that Longfin Corp. is a Delaware corporation that had offices in New York and New Jersey; that Longfin's Class A common stock was previously registered with the Commission pursuant to Section 12(b) of the Exchange Act; that between December 13, 2017 and May 2018, Longfin's Class A common stock traded on NASDAQ under the symbol "LFIN;"

that on May 24, 2018, Longfin's Class A common stock began trading over the counter; and that on November 21 and November 27, 2018, Longfin filed Forms 8-K, signed by Mr. Meenavalli, as alleged in Paragraph 12 of the Complaint. Otherwise, refers to the 8-K for its contents and denies the remaining allegations set forth in the Paragraph.

7. Admits that Venkata S. Meenavalli founded Longfin and was its Chairman and Chief Executive; that Mr. Meenavalli individually controls over 20% of Longfin's Class A shares and over 50% of Longfin's total voting equity; that Mr. Meenavalli and his wife own approximately 17% of the voting stock of Stampede Capital Limited ("Stampede"), a publicly listed company in India that owns approximately 27.6% of the voting stock of Longfin; and that Mr. Meenavalli is the Chairman and founder of Stampede, as alleged in Paragraph 13 of the Complaint.

8. Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Complaint and otherwise refers to the cited case docket for its contents.

9. Admits that Stampede is a publicly listed company in India whose voting stock is approximately 17% owned by Mr. Meenavalli and his wife and that Stampede owns 27.5 million shares of Longfin, as alleged in Paragraph 15 of the Complaint.

10. Admits that Stampede Tradex Pte. Ltd. ("Stampede Tradex") was incorporated in the Republic of Singapore and became a subsidiary of Longfin on June 19, 2017 after an acquisition by Longfin and that Stampede Tradex subsequently changed its name to Longfin Tradex. Pte. Ltd., as alleged in Paragraph 16 of the Complaint.

11. Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 17 and 18 of the Complaint and otherwise refers to the cited case dockets for their contents.

12. Paragraphs 19-24 of the Complaint set forth conclusions of law for which no response is required.

13. Admits that Longfin completed a Tier 2 offering under Regulation A for up to 10,000,000 of Longfin's Class A shares at a price of $5 per share in December 2017; that the offering first qualified in June 2017; that Longfin issued a total of 1,140,989 shares sold pursuant to the Regulation A exemption; and that Longfin did not register the offer or sale of any security to the public under the Securities Act, as alleged in Paragraph 25 of the Complaint. Otherwise, denies the remaining allegations set forth in the Paragraph.

14. Paragraph 26 of the Complaint contains conclusions of law for which no response is required.

15. Refers to the NASDAQ listing relied on in Paragraph 27 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

16. Denies the allegations set forth in Paragraphs 28-30 of the Complaint.

17. Refers to the Form 1-A relied on in Paragraph 31 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

18. Denies the allegations set forth in Paragraphs 32 and 33 of the Complaint.

19. Admits that on June 19, 2017, Longfin completed an acquisition of Stampede Tradex, a subsidiary of Stampede; that Stampede Tradex operated an electronic platform for trading commodities and securities; that after the acquisition, Longfin recorded an increase to its net assets of more than $16 million; and that Stampede Tradex had no operations in the United

States or Canada, as alleged in Paragraph 34 of the Complaint. Otherwise, denies the remaining allegations set forth in the Paragraph.

20. Refers to the offering circular relied on in Paragraph 35 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

21. Denies the allegations set forth in Paragraphs 36 and 37 of the Complaint.

22. Refers to the second notice of qualification relied on in Paragraph 38 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

23. Denies the allegations set forth in Paragraph 39 of the Complaint except admits that the SEC issued a third notice of qualification to Longfin for 10 million Class A Shares at a price of $5 per share on November 22, 2017 and that Longfin registered its shares with the SEC under Section 12(b) of the Exchange Act on November 22, 2017 with an effective registration date of November 24, 2017.

24. Denies the allegations set forth in Paragraphs 40 and 41 of the Complaint.

25. Denies the allegations set forth in Paragraph 42 of the Complaint and refers to the emails relied on in the sub-paragraphs for their contents.

26. Denies the allegations set forth in Paragraphs 43-45 of the Complaint.

27. Admits that Longfin closed its Regulation A offering on December 8, 2017, as alleged in Paragraph 46 of the Complaint.

28. Denies the allegations set forth in Paragraphs 47-50 of the Complaint.

29. Admits that on December 13, 2017, Longfin's Class A shares started trading on the NASDAQ under the symbol "LFIN" and that the shares opened at $6.94 per share and closed

at $5.17 per share, on a trading volume of 297,400 shares, as alleged in Paragraph 51 of the Complaint.

30. Denies the allegations set forth in Paragraph 52 of the Complaint.

31. Admits that on December 14, 2017, Longfin's shares closed at $5.39 per share on a trading volume of 185,386 shares, as alleged in Paragraph 53 of the Complaint.

32. Refers to the press release relied on in Paragraph 54 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

33. Denies the allegations set forth in Paragraph 55 of the Complaint.

34. Refers to the 8-K relied on in Paragraph 56 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

35. Admits that, after the filing of Longfin's Form 8-K on December 15, 2017, Longfin's share price opened at $9.76 per share and closed at $22.01 per share and that the previous day's closing price was $5.39 per share, as alleged in Paragraph 57 of the Complaint.

36. Refers to the 8-K relied on in Paragraph 58 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

37. Admits that on December 18, 2017, Longfin's stock price traded at a high of $142.82 per share, as alleged in Paragraph 59 of the Complaint.

38. Lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Complaint.

39. Denies the allegations set forth in Paragraphs 61and 62 of the Complaint.

40. Refers to the Form 10-K relied on in Paragraph 63 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

41. Denies the allegations set forth in Paragraph 64 of the Complaint.

42. Refers to the 10-K relied on in Paragraph 65 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

43. Denies the allegations set forth in Paragraph 66 of the Complaint.

44. Refers to the 10-K relied on in Paragraph 67 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

45. Denies the allegations set forth in Paragraphs 68-73 of the Complaint.

46. Denies the allegations set forth in Paragraph 74 of the Complaint except admits that Defendant Meenavalli was an officer or involved in Meridian Enterprises Pte. Ltd., Meridian Tech HK Ltd. and Stampede Enterprises.

47. Denies the allegations set forth in Paragraphs 75-77 of the Complaint.

48. Refers to the emails relied on in Paragraphs 78 and 79 of the Complaint for their contents and otherwise denies the remaining allegations set forth in the Paragraphs.

49. Refers to the Form 10-Q relied on in Paragraph 80 of the Complaint for its contents and otherwise denies the remaining allegations set forth in the Paragraph.

50. Refers to the SEC filings relied on in Paragraphs 81-83 of the Complaint for their contents and otherwise denies the remaining allegations set forth in the Paragraphs.

51. Denies or admits the allegations incorporated by reference in Paragraph 84 of the Complaint as denied or admitted above.

52. Denies the allegations set forth in Paragraphs 85-86 of the Complaint.

53. Denies or admits the allegations incorporated by reference in Paragraph 87 of the Complaint as denied or admitted above.

54. Denies the allegations set forth in Paragraph 88-89 of the Complaint.

55. Denies or admits the allegations incorporated by reference in Paragraph 90 of the Complaint as denied or admitted above.

56. Denies the allegations set forth in Paragraphs 91-92 of the Complaint.

57. Denies or admits the allegations incorporated by reference in Paragraph 93 of the Complaint as denied or admitted above.

58. Denies the allegations set forth in Paragraphs 94-95 of the Complaint.

59. Denies or admits the allegations incorporated by reference in Paragraph 96 of the Complaint as denied or admitted above.

60. Denies the allegations set forth in Paragraphs 97-100 of the Complaint.

61. Denies or admits the allegations incorporated by reference in Paragraph 101 of the Complaint as denied or admitted above.

62. Denies the allegations set forth in Paragraphs 102-105 of the Complaint.

63. Denies or admits the allegations incorporated by reference in Paragraph 106 of the Complaint as denied or admitted above.

64. Denies the allegations set forth in Paragraphs 107-109 of the Complaint.

65. Denies or admits the allegations incorporated by reference in Paragraph 110 of the Complaint as denied or admitted above.

66. Denies the allegations set forth in Paragraphs 111-112 of the Complaint.

67. Denies or admits the allegations incorporated by reference in Paragraph 113 of the Complaint as denied or admitted above.

68. Denies the allegations set forth in Paragraphs 114-115 of the Complaint.

**AFFIRMATIVE DEFENSES**

69. As and for separate defenses to the Complaint, and without conceding that Defendant Meenavalli bears the burden of proof or persuasion on any of them, Defendant Meenavalli alleges as follows:

**First Affirmative Defense**

70. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

71. The claims for relief asserted in the Complaint are barred, in whole or in part, because the Complaint is procedurally defective as it is merely an extension of the Complaint in *SEC v. Longfin Corp. et al.*, 18-cv-2977 (DLC), which the Plaintiff failed to seek to amend.

**Reservation of Rights**

72. Defendant Meenavalli hereby gives notice that he intends to rely on such and other and further defenses as may become available during discovery in this action and reserves the right to amend his answer to assert any such defenses.

Dated: October 14, 2019

Respectfully submitted,

/s/ Seetha Ramachandran
Seetha Ramachandran
Robert J. Cleary
Lindsey Olson Collins
**Proskauer Rose LLP**
Eleven Times Square
New York, NY 10036-8299
(212) 969-3000

*Attorneys for Venkata S. Meenavalli*