## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LONGFIN CORP. and VENKATA S. MEENAVALLI,**<br><br>**Defendants.** | **Case No.:  19-cv-5296-DLC**<br><br>**(Proposed) Order to Show Cause** |

Plaintiff Securities and Exchange Commission (the "SEC") having filed a Motion for an Order to Show Cause why the Court should not: (i) establish a Fair Fund pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002 ("Section 308(a)") for all funds under the Court's jurisdiction in the captioned matter; and (ii) approve the SEC's proposal (the "SEC Proposal") to combine the approximately $300,000 in disgorgement, prejudgment interest, and civil penalty collected from the defendants in this action, plus any accrued interest and future collections, with the Fair Fund established in the related action before this Court, *SEC v. Longfin, et al.,* 18-cv-2977-DLC (the "Related Action"), for distribution to harmed investors pursuant to the Court-approved distribution plan in that action (the "Motion");

And for good cause shown;

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

### I.

**IT IS FURTHER ORDERED THAT**, within two business days of the issuance of this Order:

a) Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the Court-appointed distribution agent for the Fair Fund in the Related Action, shall publish this Order on the website established in the Related Action (www.longfinfairfund.com) (the "Fair Fund Website"), along with a copy of the accompanying Memorandum describing the SEC Proposal in detail (the "Memorandum"), and a copy of the Court-approved Plan in the Related Action (the "Plan"); and

b) The SEC shall publish this Order on the SEC's public webpage for this action (https://www.sec.gov/divisions/enforce/claims/longfin-meenavalli.htm), as well as on the SEC public webpage for the Related Action, (https://www.sec.gov/divisions/enforce/claims/longfin.htm), collectively, the "SEC Webpages"), along with a copy of the Memorandum and the Plan.

Publication as described, along with the publication of this Order through the Court's ECF system, shall constitute and suffice as notice of the SEC Proposal and the opportunity to object to interested parties.

## II.

**IT IS FURTHER ORDERED THAT** individuals and entities who purchased Longfin Class A common stock traded on the NASDAQ under the trading symbol LFIN (the "Security") from June 16, 2017 through the present, inclusive ("Potential Claimants"), or other interested parties, within thirty (30) days from the entry of this Order (the "Objection Due Date"), shall show cause, if there is any, why this Court should not enter an Order approving the SEC Proposal.  Objections shall be made by correspondence received by Epiq no later than 11:59 p.m. on the Objection Due Date at the following electronic mail address:

objections@longfinfairfund.com

The correspondence must clearly state that the submitting entity is a Potential Claimant as defined above, or otherwise state fully and clearly the entity's interest in this matter, and the entity's objection(s) to the SEC Proposal.  The submitting entity must include all documentation necessary to support the objection.  Any and all factual assertions must be concluded with the following declaration, if true, followed by the submitting person's signature and the date of signature:

> I declare pursuant to 28 U.S.C. §1746, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

All correspondence must include current contact information for the submitting person, including, if available, an email address and mobile telephone number.  Objections will be publicly filed by the SEC with the Court, as further set forth below in Section IV.

To the extent a submitting entity seeks to include in their submission sensitive information such as a social security number, financial account number, or home address, they should encrypt the submission prior to sending, sending the password in a separate email, or submit it pursuant to the next paragraph.

If a submitting entity is unable to submit their objection by email, they may send it addressed as set forth below.  The submission must be received by Epiq no later than the Objection Due Date.

SEC v. Longfin Fair Fund
Objections, Civil Action 19-cv-5296-DLC
c/o Epiq
P.O. Box 6006
Portland, OR 97228-6006

Failure to timely submit an objection in accordance with this Section II. will result in the objection being waived.  Proof of timely receipt by Epiq will be the burden of the submitting entity.

## III.

**IT IS FURTHER ORDERED that**, if no objections to the SEC Proposal are timely submitted, the SEC shall:

a) File a notice so advising the Court (the "Notice"), accompanied by a copy of the Memorandum, as well as a proposed Order approving the SEC Proposal.

b) Post a copy of the Notice, Memorandum, and proposed Order on the SEC Webpages.

Epiq also shall post a copy of the Notice, Memorandum, and proposed Order on the Fair Fund Website.  Upon receipt of such Notice from the SEC, the Court may enter an Order approving the SEC Proposal without further notice or passage of time.

## IV.

**IT IS FURTHER ORDERED THAT,** if objections are timely received pursuant to this Order, the SEC shall file them, with sensitive information redacted, together with its response, within 50 days of the entry of this Order, with copies of its response served by electronic, First Class, or Overnight Mail upon any objecting party.  The SEC may revise the SEC Proposal if and as appropriate.  If the SEC revises the SEC Proposal, the revised proposal, and any accompanying filings, will be made available to all Potential Claimants and interested parties through the SEC Webpages and the Fair Fund Website.  Such publication, along with the publication through the Court's ECF system, shall constitute and suffice as notice of the amended plan.  No further objection period will be provided unless expressly ordered by the Court.

If the Court deems it necessary or appropriate, the Court may conduct a hearing before approving the SEC (or revised) Proposal.  Notice of a hearing shall be provided through the Court Docket, the SEC Webpages, and the Fair Fund Website, and if and as otherwise ordered by the Court.

**SO ORDERED**, this ___ date of _____, 2020,

_____
DENISE L. COTE
U.S. District Court Judge